HAYDEN T. TRAVER (CA State Bar No. 317428)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5469
Facsimile: (909) 387-4069
Email: Hayden.Traver@cc.sbcounty.gov

Attorneys for Defendants
SAN BERNARDINO COUNTY [erroneously sued and served as "County of San Bernardino"], JESSAQUA ATTLESEY [erroneously sued and served as "Deputy Jessaqua Attlesey"] and CESAR TEJEDA [erroneously sued and served as "Deputy Ceasar Tejeda"]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFRED K. LUCAS<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, DEPUTY JESSAQUA ATTLESEY, and DEPUTY CEASAR TEJEDA<br><br>Defendants. | Case No.: 5:25-cv-00762-FLA-JDE<br>[Unlimited Jurisdiction]<br><br>**DEFENDANTS' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br><br><br><br>Assigned to:<br>Honorable Fernando L. Aenlle-Rocha<br>United States District Judge<br><br>Referred to:<br>Honorable John D. Early<br>United States Magistrate Judge |

- 1 -

DEFENDANTS' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL

COME NOW Defendant, SAN BERNARDINO COUNTY [erroneously sued and served as "County of San Bernardino"], JESSAQUA ATTLESEY [erroneously sued and served as "Deputy Jessaqua Attlesey"] and CESAR TEJEDA [erroneously sued and served as "Deputy Ceasar Tejeda"] (collectively, "Defendants") in answering Plaintiff WILFRED K. LUCAS' ("Plaintiff") Complaint for Damages on file herein, and admit, deny, and allege as follows:

## I.
## JURISDICTION AND VENUE

1.  In responding to the allegations set forth in Paragraph 1, Defendants admit jurisdiction is proper.

2.  In responding to the allegations set forth in Paragraph 2, Defendants admit that venue is proper.

## II.
## PARTIES

3.  In responding to the allegations set forth in Paragraph 3, Defendants lack the information necessary to admit or deny the allegations in this paragraph and must deny the allegations.

4.  In responding to the allegations set forth in Paragraph 4, Defendants denies that "County of San Bernardino works at San Bernardino County." Defendant San Bernardino County is a government entity. For that reason, Defendants deny the factual allegations in this paragraph.

5.  In response to the allegations set forth in Paragraph 5, Defendants admit the information contained on Page 2, Lines 19-23. Defendants deny the allegations contained on Page 3, Lines 1-5 to the extent that the correct name of this defendant is CESAR TEJEDA. Defendants lack information necessary to admit or deny the allegations contained on Page 3, Lines 16-21 and must deny these allegations.

///

## III.

## **STATEMENT OF FACTS**

6. Paragraph 1, on Page 4, does not contain factual allegations which require a response from Defendants.

7. In response to the allegations set forth in Paragraph 2, on Page 4, Defendants admit that on May 3, 2023, a Deputy or Deputies made contact with Plaintiff. Defendants deny the remaining allegations.

8. In response to the allegations set forth in Paragraph 3, on Page 4, Defendants admit that a Deputy or Deputies made contact with Plaintiff at a Jiffy Lube on Bear Valley Road in Victorville, CA. Defendant deny the remaining allegations.

9. In response to the allegations set forth in Paragraph 4, on Page 5, Defendants deny these allegations.

10. In response to the allegations set forth in Paragraph 5, on Page 5, Defendants deny these allegations.

11. In response to the allegations set forth in Paragraph 6, on Page 5, Defendants deny these allegations.

12. In response to the allegations set forth in Paragraph 7, on Page 6, Defendants deny these allegations.

13. In response to the allegations set forth in Paragraph 8, on Page 6, Defendants deny these allegations.

14. In response to the allegations set forth in Paragraph 9, on Page 6, Defendants deny these allegations.

15. In response to the allegations set forth in Paragraph 10, on Page 7, Defendants deny these allegations.

16. In response to the allegations set forth in Paragraph 11, on Page 7, Defendants admit that on December 15, 2023, there was contact between Plaintiff and members of the San Bernardino County Sheriff's Department. Defendants

DEFENDANTS' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL

deny the remaining allegations.

17. In response to the allegations set forth in Paragraph 12, on Page 7, Defendants deny these allegations.

18. In response to the allegations set forth in Paragraph 13, on Page 8, Defendants admit that on December 15, 2023, Deputy ATTLESEY made contact with Plaintiff. Defendants deny the remaining allegations.

19. In response to the allegations set forth in Paragraph 14, on Page 8, Defendants deny these allegations.

20. In response to the allegations set forth in Paragraph 15, on Page 8, Defendants deny these allegations.

21. In response to the allegations set forth in Paragraph 16, on Page 9, Defendants deny these allegations.

22. In response to the allegations set forth in Paragraph 17, on Page 9, Defendants deny these allegations.

23. In response to the allegations set forth in Paragraph 18, on Page 9, Defendants deny these allegations.

24. In response to the allegations set forth in Paragraph 19, on Page 10, Defendants admits that on December 15, 2023, Deputy Tejeda made contact with Plaintiff. Defendants deny the remaining allegations.

25. In response to the allegations set forth in Paragraph 20, on Page 10, Defendants deny these allegations.

26. In response to the allegations set forth in Paragraph 21, on Page 10, Defendants deny these allegations.

27. In response to the allegations set forth in Paragraph 22, on Page 11, Defendants deny these allegations

28. In response to the allegations set forth in Paragraph 23, on Page 11, Defendants admit that Plaintiff was transported to the High Desert Detention Center. Defendants lack the information necessary to admit or deny the remaining

allegations and must deny the allegations.

29. In response to the allegations set forth in Paragraph 24, on Page 11, to the extent that Plaintiff is alleging injuries and subjective complaints arising from the incident, Defendants lack the information necessary to admit or deny the allegations and must deny the allegations. Defendants deny the remaining allegations.

## IV.
## CLAIMS

30. Paragraph 25, on Page 12, does not contain factual allegations which require a response from Defendants.

31. In response to the allegations set forth in Paragraph 26, on Page 12, Defendants deny these allegations.

32. In response to the allegations set forth in Paragraph 27, on Page 12, Defendants deny these allegations.

33. In response to the allegations set forth in Paragraph 28, on Page 12, Defendants deny these allegations.

34. In response to the allegations set forth in Paragraph 29, on Page 12, Defendants lacks the necessary information to admit or deny allegations regarding Plaintiff's alleged injuries and subjective complaints, and must deny these allegations.

## IV.
## REQUEST FOR RELIEF

35. In response to the allegations set forth in Paragraph 30, on Page 13, Defendants deny that Plaintiff is entitled to any relief.

36. In response to the allegations set forth in Paragraph 31, on Page 13, Defendants deny that Plaintiff is entitled to any relief.

37. In response to the allegations set forth in Paragraph 32, on Page 13, Defendants deny that Plaintiff is entitled to any relief.

38.   In response to the allegations set forth in Paragraph 33, on Page 13, Defendants deny that Plaintiff is entitled to any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

39.   At all times relevant to this litigation, Defendants acted in good faith and with probable cause and at no time did the Defendants know or should the Defendants have known that the actions taken within the sphere of the Defendant's official responsibility would violate the constitutional rights of the Plaintiff and the Plaintiff is thereby precluded from maintaining his causes of action for violation of his civil rights, under principles of qualified immunity. [Harlow v. Fitzgerald, 457 US 800 (1981)]

### SECOND AFFIRMATIVE DEFENSE

40.   At all times relevant to this litigation, the Defendants acted in good faith and with probable cause and entertained an honest reasonable belief that the Defendant's actions were reasonable and necessary thereby precluding the Plaintiff from maintaining any causes of action for violation of his civil rights. [Pierson v. Ray, 386 U.S. 547 (1967)]

### THIRD AFFIRMATIVE DEFENSE

41.   At no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated, because the conduct of the Defendant was, at most, a mere negligent act of an official causing unintended loss of or injury to life, liberty or property and the Plaintiff is, therefore, precluded from maintaining his causes of action for violations of his civil rights. [Daniels v. Williams, 447 U.S. 327 (1986)]

### FOURTH AFFIRMATIVE DEFENSE

42.   At no time relevant to this litigation did the Plaintiff sustain any violation of his civil rights pursuant to a governmental custom or practice, thereby precluding the Plaintiff from maintaining his cause of action for violations of his

civil rights. [<u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978)]

## FIFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## PRAYER

WHEREFORE, the answering Defendants pray that:

1. Plaintiff takes nothing by reason of the Complaint for Damages;
2. For costs of suit herein incurred;
3. For defense costs, including reasonable attorney fees; and,

For such other and further relief as the Court may deem just and proper.

Dated: May 27, 2025

TOM BUNTON
County Counsel

*Hayden Traver*
_____
HAYDEN T. TRAVER
Deputy County Counsel
Attorneys for Defendants,
SAN BERNARDINO COUNTY,
JESSAQUA ATTLESEY and
CESAR TEJEDA

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38 and Local Rule 38, Defendants demand a trial by jury.

Dated: May 27, 2025

TOM BUNTON
County Counsel

Hayden Traver

HAYDEN T. TRAVER
Deputy County Counsel
Attorneys for Defendants,
SAN BERNARDINO COUNTY,
JESSAQUA ATTLESEY and
CESAR TEJEDA

- 8 -

DEFENDANTS' ANSWER TO COMPLAINT; AND DEMAND FOR JURY TRIAL